[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11112

Non-Argument Calendar

_____

MALCOLM NEELY,

Plaintiff-Appellant,

*versus*

ELMORE COUNTY,
ELMORE COUNTY COMMISSION,
HENRY HINES,
individually and in his Official Capacity as a
member of the Elmore County Commission,
MACK DAUGHERTY,
individually and in Official Capacity as a
member of the Elmore County Commission,
TROY STUBBS,
individually and in his Official Capacity as a

2                          Opinion of the Court                       24-11112

member of the Elmore County Commission,
et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cv-00177-RAH-CWB

_____

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

This appeal involves a granting of summary judgment for Elmore County and Elmore County Commission (Elmore County) and against Malcolm Neely. Neely owns property encompassed on two sides by two roads—Estes and Milam Roads—which intersect at the property's northernmost point. Neely claims that his due process rights were violated when Elmore County allegedly encroached upon his land to widen Estes and Milam Roads. Elmore County asserts that it did not encroach, as it believes it has a prescriptive right-of-way in that location. Further, Elmore County claims that its actions were taken for a public purpose—widening the intersection improves motorist safety. The instant case against Elmore County ensued, Elmore County moved for

summary judgment, and the district court granted summary judgment to Elmore County on all claims.

In stating the district court improperly granted summary judgment, Neely claims two points of error: (1) the Commission has taken his property against his will in interference of his property rights, violating his substantive due process rights under the Fourteenth Amendment; and (2) there were genuine issues of material fact. After careful review, we affirm.[1]

I.

Because we write for the parties and assume their familiarity with the record, we set out only what is necessary to explain our decision.

We review grants of summary judgment de novo. *Adams v. Poag*, 61 F.3d 1537, 1542 (11th Cir. 1995). Summary judgment is proper if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotation omitted); *see also* Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and should rely on submissions "it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324. Both the party "asserting that

---

[1] Appellees' accompanying motion for attorney's fees is DENIED.

a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

### A.

"No State shall . . . deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV. The substantive component of the Due Process Clause recognizes those "rights that a state may not remove, regardless of the process, as well as actions that can not be countenanced, regardless of the appropriateness of the process." *McKinney v. Pate*, 20 F.3d 1550, 1560 n.15 (11th Cir. 1994) (en banc). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotations omitted). Thus, the government cannot burden, in a constitutionally arbitrary way, an individual's property rights. *See*

*Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1189, 1191 (11th Cir. 2004).

Substantive due process is an outer limit on the legitimacy of governmental action, which protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense. *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003). Therefore, a successful substantive due process claim requires showing: (1) the plaintiff had a valid property interest, and (2) the defendant infringed on that interest in a constitutionally arbitrary or conscience-shocking manner. *See id.*

To prove a substantive due process violation in a private takings case, a plaintiff must show that the taking had no rational connection to a plausible conception of the public interest—a very low hurdle for the government to meet. *See Garvie*, 366 F.3d at 1189, 1191. The fact that a taking creates incidental benefits for individual private parties "does not condemn that taking as having only a private purpose." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 243–44 (1984).

In this case, Neely maintains that Elmore County's actions violated his substantive due process rights due to an allegedly arbitrary and capricious taking. Neely has a private property interest, which satisfies our primary inquiry. Turning to Elmore County's alleged infringement, Elmore County has the power and obligation to maintain county roads, which includes the property at issue here. *See* Ala. Code § 23-1-80. Elmore County may also take private property for public roads. *See* Ala. Code § 11-80-1. Elmore

County presented evidence below showing that the challenged encroachment facilitates the public's safe use of the roads at the intersection.  And Neely has not shown that Elmore County infringed on his property interest in a constitutionally arbitrary or conscience-shocking manner.  As such, Neely has not shown that the Elmore County's alleged taking has no conceivable or rational public purpose, and certainly not one that rises to the level of arbitrary or conscience-shocking.  *See Midkiff*, 467 U.S. at 241; *Garvie*, 366 F.3d at 1189.

Neely also argues his due process rights were violated by Elmore County encroaching on his land without filing formal condemnation proceedings.  As the district court aptly noted, this theory falls under the ambit of a procedural due process claim, because it revolves around the procedures allegedly used by Elmore County.  However, Neely has not appealed the dismissal of his procedural due process claim.  Neely cannot workaround this oversight by shoehorning a procedural due process argument before our court in a substantive due process guise.  As such, this argument is not properly before us, and we affirm the district court on this issue.

B.

Neely contends that genuine issues of material fact persist as to the extent of Elmore County's encroachment on his property.  Because the exact amount of the encroachment remains contested, Neely argues the district court erred in granting summary judgment.

Even assuming, *arguendo*, that Neely could prove encroachment, the exact amount is of no consequence. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Elmore County agreed in court to present their arguments with the assumption there *was* encroachment for the purposes of summary judgment. The extent of the encroachment is not material, but admitting the *existence* of encroachment was material and properly dealt with at the summary judgment stage. And, regardless, Elmore County's decision to prioritize public safety by widening an intersection is not the kind of abuse of government power forbidden by the substantive due process clause. *See Waddell*, 329 F.3d at 1305. Because we find that Elmore County's actions were not arbitrary or conscience-shocking, the extent of property at issue is immaterial.

## II.

We affirm the district court's grant of summary judgment.

**AFFIRMED.**

LAGOA, Circuit Judge, Concurring:

I join the majority opinion in full. I write separately to emphasize that today's decision has no application to claims brought pursuant to the Takings Clause of the Fifth Amendment.

As the majority explains, this case involves a dispute about the widening of a public roadway, which allegedly encroached on private property. Malcolm Neely, the landowner, alleges that Elmore County, the Elmore County Commission and its members, and an Elmore County employee effected this encroachment against his will. The Takings Clause of the Fifth Amendment provides that "private property" shall not "be taken for public use, without just compensation," U.S. Const. amend. V, and its requirements apply to the States via the Fourteenth Amendment. *E.g.*, *Chicago, B. & Q. Railroad Co. v. Chicago*, 166 U.S. 226 (1897). But Neely's claims were not premised on the Takings Clause. Instead, his amended complaint asserted violations of procedural and substantive due process under the Due Process Clause of the Fourteenth Amendment. The district court dismissed Neely's first count—a procedural-due-process claim—at the motion-to-dismiss stage and dismissed Neely's second count—a substantive-due-process claim—at summary judgment. Neely only appeals the dismissal of his substantive-due-process claim.

As the majority recognizes, the doctrine of substantive due process provides little relief to Neely. *See, e.g.*, *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003) ("[C]onduct by a government actor will rise to the level of a substantive due

process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense."); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1577 (11th Cir. 1989); *Garvie v. City of Ft. Walton Beach, Fla.*, 366 F.3d 1186, 1191 (11th Cir. 2004). More generally, the doctrine of substantive due process rests on tenuous footing—to say the least. *See McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 811 (2010) (Thomas, J., concurring) ("The notion that a constitutional provision that guarantees only 'process' before a person is deprived of life, liberty, or property could define the substance of those rights strains credulity for even the most casual user of words."); *Eknes-Tucker v. Governor of Alabama*, No. 22-11707, 2024 WL 3964753, at *1243 (11th Cir. Aug. 28, 2024) (William Pryor, C.J., respecting the denial of rehearing en banc) ("The doctrine of substantive due process does violence to the text of the Constitution, enjoys no historical pedigree, and offers judges little more than shifting and unilluminating standards with which to protect unenumerated rights.").

Had Neely instead brought a claim under the Takings Clause, this would be a closer case. This case involves an alleged encroachment of a public roadway onto private property. And "physical appropriations constitute the 'clearest sort of taking.'" *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 148 (2021) (quoting *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001)). We assess physical appropriations "using a simple, *per se* rule: The government must pay for what it takes." *Id.*; *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 322 (2002) ("When the government physically takes possession of an interest in property for

24-11112                    LAGOA, J., Concurring                    3

some public purpose, it has a categorical duty to compensate the former owner, regardless of whether the interest that is taken constitutes an entire parcel or merely a part thereof."); *Palazzolo*, 533 U.S. at 617 ("Our cases establish that even a minimal 'permanent physical occupation of real property' requires compensation under the [Takings] Clause." (quoting *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 427 (1982))).  Additionally, there appear to be disputed issues of fact—the exact boundaries of Neely's property lines and the roadways, the existence of a prescriptive easement in the defendants' favor—that would be relevant to such a claim.

I cannot speculate as to why Neely failed to assert a claim under the Takings Clause—he may have faced factual or legal impediments not revealed by the record before us.  But I find it necessary to emphasize that today's decision in no way implicates claims brought pursuant to the Takings Clause.  With those comments, I join the Court's opinion.